UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>ADEPTUS HEALTH INC., et al.,<br><br>                Defendants. | Civil Action No. 6:16-cv-01243-RWS<br><br><u>CLASS ACTION</u> |
| LABORERS' LOCAL 235 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>ADEPTUS HEALTH INC., et al.,<br><br>                Defendants. | Civil Action No. 6:16-cv-01391-RWS<br><br><u>CLASS ACTION</u> |

**MICHIGAN LABORERS' PENSION FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

The Michigan Laborers' Pension Fund, by its counsel, hereby moves this Court for an Order: (i) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing the Michigan Laborers' Pension Fund as Lead Plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (iii) approving the Michigan Laborers' Pension Fund's selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel and Ward, Smith & Hill, PLLC as Local Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.[1]  In support of this Motion, the Michigan Laborers' Pension Fund submits a memorandum of law, the Declaration of Samuel H. Rudman ("Rudman Decl.") and an Order, filed concurrently herewith.

## I.   INTRODUCTION

Presently pending in this district are two related securities class action lawsuits (the "Related Actions") on behalf of all persons who purchased or otherwise acquired Class A common shares of Adeptus Health Inc. ("Adeptus" or the "Company") between June 25, 2014 and November 1, 2016, and pursuant to the Registration Statements and Prospectuses issued in conjunction with the Company's initial public offering ("IPO") on or about June 25, 2014, the Company's first secondary public offering ("SPO") on or about May 5, 2015, the Company's second SPO on or about July 29, 2015 and the Company's third SPO on or about June 2, 2016, against defendants for violations of the Securities Act of 1933 (the "1933 Act") and the Securities Exchange Act of 1934 (the "1934 Act"):

| Case | Filed |
|---|---|
| *Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc.*, No. 6:16-cv-01243-RWS | 10/27/16 |
| *Laborers' Local 235 Benefit Funds v. Adeptus Health Inc.*, No. 6:16-cv-01391-RWS | 12/22/16 |

---

[1]   Local Rule CV-7(h) requires a conference of counsel before filing motions.  Pursuant to the PSLRA, however, any putative class member – regardless of whether that class member has filed a complaint – may file a motion to be appointed as lead plaintiff by December 27, 2016.  15 U.S.C. §78u-4(a)(3).  Consequently, there is no way for the Michigan Laborers' Pension Fund to know which other class members, if any, plan to move for appointment as lead plaintiff until after all the motions have been filed.  Under these limited circumstances, the Michigan Laborers' Pension Fund respectfully requests that the conferral requirement of Local Rule CV-7(h) be waived.

- 1 -

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii); 15 U.S.C. §78u-4(a)(3)(B)(ii).[2] Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The Michigan Laborers' Pension Fund should be appointed as lead plaintiff because: (1) it timely filed a motion; (2) it, to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the Michigan Laborers' Pension Fund's selection of Robbins Geller as lead counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Adeptus owns and operates a network of independent freestanding emergency rooms in the United States. The complaints in the related actions allege that defendants misrepresented and failed to disclose material adverse facts in the Registration Statements and Prospectuses issued in connection with the IPO and SPOs during the Class Period regarding the Company's business and prospects, including that: (i) Adeptus had been engaging in widespread predatory billing practices, particularly with respect to lower acuity level patients; (ii) Adeptus's predatory billing practices subjected the Company to numerous known, but undisclosed, risks, including monetary risks, reputational risks, risks associated with improper financial reporting, civil or criminal sanctions, and even exclusion from federal and state healthcare programs; (iii) the Company's financial statements had not been prepared in conformity with Generally Accepted Accounting Principles; and (i) contrary to defendants' representations about the Company's practice of referring lower acuity patients to urgent care facilities, Adeptus routinely treated lower acuity patients and excessively billed them for the services it rendered. As a result of these false statements and/or omissions,

---

[2]     The 1933 Act and the 1934 Act were both amended with identical language. For ease of reference, this memorandum cites to the 1934 Act throughout, although the identical sections may be found in the 1933 Act, 15 U.S.C. §77z-1.

Adeptus common stock traded at artificially inflated prices during the Class Period, reaching a high of over $120 per share.

On November 17, 2015, KUSA, an NBC-affiliated television station located in Denver, Colorado, aired a 9WANTS To Know investigative report about the billing practices at Adeptus's Colorado First Choice emergency rooms ("ERs"). According to the report, which had been based on "months" of investigation, the Company's First Choice ERs engaged in a pattern and practice of predatory overbilling. In response to the airing of the KUSA investigative report, the price of Adeptus common stock plummeted more than 22% on very heavy trading volume, falling from $59.87 per share on November 16, 2015 to $46.50 per share on November 17, 2015.

Then on November 1, 2016, Adeptus announced that it was replacing the Chairman of the Board of Directors. This news surprised investors and caused shares to drop 13.7%. The same day, after the market closed, Adeptus released its third quarter earnings results whereby the Company announced that it had missed earnings estimates and reported a net loss of $11.7 million in the third quarter of 2016 due to a number of issues. Adeptus reduced its adjusted guidance for the full year and admitted that it needed to secure emergency financing of $27.5 million (in preferred stock) from existing investors. The extent of Adeptus's issues shocked the market. Many analysts downgraded the stock. As a result of these disclosures, on November 1, 2016, the price of Adeptus stock dropped nearly 11% on unusually heavy trading volume. The next day, on November 2, 2016, the price of Adeptus stock declined an additional 68%. This represented a massive two-day decline of 71.5%.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated for All Purposes

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Related Actions assert claims on behalf of purchasers of Adeptus Class A common shares for alleged violations of the 1933 and 1934 Act during similar class periods.

The Related Actions name the Company and other similar defendants and involve similar questions of law and fact; namely, whether plaintiffs purchased Adeptus Class A common shares at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and

- 3 -

whether defendants' conduct violates §11, §12(a)(2) and §15 of the 1933 Act, and §10(b) and §20(a) of the 1934 Act and SEC Rule 10b-5 promulgated thereunder. Thus, the Related Actions should be consolidated.

### B. The Michigan Laborers' Pension Fund Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court "shall adopt a presumption that the most adequate plaintiff is the person or group of persons" that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Michigan Laborers' Pension Fund meets each of these requirements and should therefore be appointed as Lead Plaintiff.

#### 1. This Motion Is Timely

The notice published in this action advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from October 27, 2016, or by December 26, 2016. *See* Rudman Decl., Ex. A. December 26, 2016 was a federal holiday. The "next day that [was] not a Saturday, Sunday, or legal holiday" is Tuesday, December 27th. *See* Fed. R. Civ. P. 6(a)(1)(C). As this Motion is being filed on December 27th, it is timely. Thus, the Michigan Laborers' Pension Fund has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A).

- 4 -

### 2.   The Michigan Laborers' Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Michigan Laborers' Pension Fund purchased 16,779 shares of Adeptus Class A common shares and suffered more than $492,000 in losses due to defendants' alleged misconduct. *See* Rudman Decl., Ex. B.[3] To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Michigan Laborers' Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3.   The Michigan Laborers' Pension Fund Satisfies the Applicable Rule 23 Requirements at This Stage

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "A comprehensive reading of the statute reveals that, at this stage of the proceedings," the Michigan Laborers' Pension Fund "need only make a preliminary showing that it satisfies these requirements." *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

"'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077, at *48-*49 (N.D. Tex. Nov. 8, 2005) (citation omitted). Here, "[i]f successful in proving its injury and losses resulting from" defendants' allegedly fraudulent scheme, the Michigan Laborers' Pension Fund "will necessarily prove the conduct which underlies the claims of all purported plaintiffs, just as it will establish the elements of those claims." *Gluck*, 976 F. Supp. at 546. Accordingly, the Michigan Laborers' Pension Fund's "claims are typical of those of the purported class members." *Id.*

---

[3]   Named plaintiff Oklahoma Law Enforcement Retirement System who suffered losses under the 1934 Act of approximately $198,000, and purchased 2,500 Adeptus Class A common shares in the second SPO on or about July 29, 2015 at $105 per share and suffered losses under the 1933 Act of approximately $118,000, supports the motion by the Michigan Laborers' Pension Fund.

"To meet the adequacy-of-representation requirement of Rule 23(a)(4), Courts consider (1) whether the named representative shares common interest with other class members, and (2) whether the named representative will vigorously prosecute the interests of the class through the class counsel." *Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *50. The Michigan Laborers' Pension Fund is "well suited to adequately represent the purported class" because it "has a significant financial interest in the litigation," has selected "competent counsel" and "as an institutional investor, it is accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class." *Gluck*, 976 F. Supp. at 546; *see also* Rudman Decl., Exs. B-C.

The Michigan Laborers' Pension Fund has "sufficiently demonstrated" that it "satisfies both the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure to the degree required by the statute." *Gluck*, 976 F. Supp. at 546. Therefore, the Court should adopt the presumption that the Michigan Laborers' Pension Fund is the "most adequate plaintiff" under the PSLRA.

    **C.**    **The Court Should Approve the Michigan Laborers' Pension Fund's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Michigan Laborers' Pension Fund selected Robbins Geller to serve as lead counsel. *See* Rudman Decl., Ex. D.

Robbins Geller, a 200-attorney firm with nationwide offices, is actively engaged in complex litigation, particularly securities litigation. *See* Rudman Decl., Ex. D. District courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (noting that the "experience, ability, and reputation" of Robbins Geller attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). As such, the Court may be assured that the putative class will receive the highest caliber of legal

representation from Robbins Geller if this Motion is granted.  Accordingly, the Michigan Laborers' Fund's selection of counsel should be approved.

## IV. CONCLUSION

The Court should consolidate the Related Actions because they share many questions of law and fact.  Furthermore, the Michigan Laborers' Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Michigan Laborers' Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  December 27, 2016

Respectfully Submitted

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (admitted *pro hac vice*)


              s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK
655 West Broadway, suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

WARD, SMITH & HILL, PLLC
T. JOHN WARD, JR.
Texas Bar No. 00794818
CLAIRE ABERNATHY HENRY
Texas Bar No. 24053063
ANDREA L. FAIR
Texas Bar No. 24078488
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: 903/757-6400
903/757-2323 (fax)
jw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 27, 2016.

    s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:srudman@rgrdlaw.com

CERTIFICATE OF CONFERENCE

I hereby certify that based on the procedures set out in the Private Securities Litigation Reform Act of 1995, any class member may file a motion seeking appointing as lead plaintiff without also filing a complaint.  As a result, counsel cannot know who all of the lead plaintiff movants will be, and therefore, the parties cannot get agreement from all of the movants regarding consolidation or the appointment of lead plaintiff, until after the December 27, 2016 lead plaintiff motion deadline has passed.

Further, the PSLRA requires class members to file their motions to be appointed lead plaintiff in these actions on or before December 27, 2016.  Because any class member may file a motion to be appointed lead plaintiff, Michigan Laborers' Pension Fund's counsel cannot meet and confer with the unknown movants regarding its motion for appointment as lead plaintiff prior to filing its motions, and respectfully requests that compliance with Local Rule CV-7(h) conferral requirement be waived in this narrow instance.

s/ Samuel H. Rudman
Samuel H. Rudman (admitted *pro hac vice*)

# Mailing Information for a Case 6:16-cv-01243-RWS Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file-ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Shorty Craig Barrett**
  sbarrett@kglawfirm.com

- **Andrea Leigh Fair**
  andrea@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com,hmarlowe@wsfirm.com

- **Claire Abernathy Henry**
  claire@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com

- **Elton Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **James R Nelson**
  jr.nelson@dlapiper.com,sherry.faulkner@dlapiper.com,docketingchicago@dlapiper.com,karen.martel@dlapiper.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file-ny@rgrdlaw.com

- **Earl Glenn Thames , Jr**
  glennthames@potterminton.com,egtdocket@potterminton.com,lindaslayter@potterminton.com

- **Thomas John Ward , Jr**
  jw@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`