**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADEPTUS HEALTH INC., *et al.*,<br><br>Defendants. | Case No. 4:17-CV-0449-ALM<br><br>Judge Amos L. Mazzant, III |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....... 1

II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES ....... 2

A. The Court-Approved Robust Notice Program ....... 2

B. The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation ....... 4

C. The Settlement Class's Reaction Supports Approval of the Fee and Expense Request ....... 5

III. CONCLUSION ....... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bethea v. Sprint Commc'ns Co.*,
2013 WL 228094 (S.D. Miss. Jan. 18, 2013) ....5

*Erica P. John Fund, Inc. v. Halliburton Co.*,
2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ....4, 5

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ....4

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2007) ....6

*In re Citigroup Inc. Bond Litig.*,
296 F.R.D. 147 (S.D.N.Y. 2013) ....5

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
986 F. Supp. 2d 207 (E.D.N.Y. 2013) ....5

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ....6

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ....5

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ....5

*Melby v. Am.'s MHT*,
2018 WL 10399004 (N.D. Tex. June 22, 2018) ....4

*Schwartz v. TXU Corp.*,
2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ....4, 5

*Turner v. Murphy Oil USA, Inc.*,
472 F. Supp. 2d 830 (E.D. La. 2007) ....4

Lead Plaintiffs, Alameda County Employees' Retirement Association and Arkansas Teacher Retirement System ("Lead Plaintiffs"), and additional named plaintiff Miami Fire Fighters' Relief and Pension Fund (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 283); and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 284) (the "Motions").[1]

## I. PRELIMINARY STATEMENT

The reaction of the Settlement Class confirms that the proposed $44,000,000 is an excellent result given the risks of the case. Following an extensive Court-approved notice program – including the mailing of Notice to over 62,500 potential Settlement Class members and nominees – ***not a single member of the Settlement Class objected to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses***. This represents a significant endorsement of all aspects of the proposed Settlement and fee and expense request by the Settlement Class, the very group to whom the Settlement matters most. Moreover, all three Plaintiffs – including the two sophisticated, institutional investor Lead Plaintiffs – have expressly endorsed the Settlement and the requested attorneys' fees and expenses in sworn declarations. *See* ECF No. 283-2, at ¶¶ 9-11; ECF No. 283-3, at ¶¶ 8-10; ECF No. 283-4, at ¶¶ 7-9.

In addition, only two requests for exclusion from the Settlement Class were received. Neither was by an institutional investor. The two exclusion requests were received from

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated November 26, 2019 (ECF No. 275-2) (the "Stipulation") or in the Joint Declaration of Jeremy P. Robinson and Richard A. Russo, Jr. in Support of: (A) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 283-1).

individuals who, together, represent an extremely small percentage of the Settlement Class – only approximately 0.002%. Notably, neither letter requesting exclusion criticizes nor takes any issue with any aspect of the proposed Settlement, the Plan of Allocation, or the requested fees and expenses.

As explained below, this reaction of the Settlement Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses are fair and reasonable, and should be approved.

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the Motions is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of a single objection and overwhelmingly positive reaction of the Settlement Class provides additional strong support for approval of the Motions.

### A. The Court-Approved Robust Notice Program

Pursuant to the Court's Preliminary Approval Order, over 62,500 copies of the Notice Packet have been mailed to potential Settlement Class Members and their nominees. *See* Supplemental Declaration of Eric J. Miller Regarding: (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received (the "Suppl. Miller Decl."), filed herewith, at ¶ 2.

The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $1,975,000. *See* Notice ¶¶ 5, 52. The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the

request for attorneys' fees and expenses; their right to exclude themselves from the Settlement Class; and the April 29, 2020 deadline for filing objections and for receipt of requests for exclusion. *See* Notice at p. 3 and ¶¶ 53-54, 61-62.

On March 31, 2020, the Court ordered that the final Settlement Hearing scheduled for May 20, 2020 be conducted by telephone. ECF No. 281. That order, entered on the docket, provided Settlement Class Members and other interested parties with access information for the hearing. ECF No. 281, at ¶ 2. In addition, on April 1, 2020, the Claims Administrator updated the Settlement website, www.AdeptusHealthSecuritiesLitigation.com, to inform Settlement Class Members of the telephonic hearing and the access information for the hearing.[2]

On April 15, 2020, 14 days prior to the objection and exclusion deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. These papers are available on the public docket (ECF Nos. 283-84) and on the Settlement website. *See* Suppl. Miller Decl. ¶ 3.

As noted above, following this notice program, ***not a single Settlement Class Member has objected*** to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses. In addition, only two requests for exclusion from the Settlement Class have been received—neither from institutional investors. *See* Supp. Miller Decl. ¶ 4. Both exclusion requests were submitted by individuals, who purchased 1,000 and 117 shares of Adeptus Common Stock during the Class Period, respectively. *See* Supp. Miller Decl., Exs. 1-2. The two requests for exclusion represent 0.003% of the total number of Notices mailed to potential

---

[2] Lead Counsel have received an email from one individual, an apparent member of the Settlement Class who has not objected or requested exclusion, who stated that he plans to "listen in" to the Settlement Hearing.

Settlement Class Members and 0.002% of the estimated number of damaged shares of Adeptus Common Stock purchased during the Class Period—by any measure a miniscule portion of the Settlement Class.[3] In the letters submitted requesting exclusion, neither of these individuals criticizes or takes any issue with any aspect of the proposed Settlement, the Plan of Allocation, or the requested fees and expenses.

### B. The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation

The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement.") (internal quotation marks omitted); *Melby v. Am.'s MHT, Inc.*, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("one indication of the fairness of a settlement is the lack of or small number of objections"); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 853 (E.D. La. 2007) ("The absence or small number of objections may provide a helpful indication that the settlement is fair, reasonable, and adequate."); *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement").

Plaintiffs are sophisticated institutional investors, as are many other Settlement Class Members. The absence of objections or requests for exclusion by any institutional investors is further evidence of the fairness of the Settlement. *See In re AT&T Corp. Sec. Litig.*, 2005 WL

[3] The request for exclusion submitted by Gregory E. Thoman is dated April 29, 2020 but was not received by the Claims Administrator until May 4, 2020, in contrast to the requirement in the Notice that requests for exclusion be received no later than April 29, 2020. Notice ¶ 53. Nonetheless, Plaintiffs and Lead Counsel request that the Court grant Mr. Thoman's request for exclusion from the Settlement Class.

6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor").

The uniformly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *Schwartz*, 2005 WL 3148350, at *24 (finding the plan of allocation fair, reasonable and adequate where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the . . . absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C. The Settlement Class's Reaction Supports Approval of the Fee and Expense Request

The positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable. *See, e.g.*, *Halliburton*, 2018 WL 1942227, at *12 (finding that "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award"); *Bethea v. Sprint Commc'ns Co.*, 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further

supports finding it reasonable."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable").

As with approval of the Settlement, the lack of objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the uniformly favorable reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request.

## III. CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 1, 2, and 3.

Dated: May 13, 2020

Respectfully submitted,

By: */s/ Clyde M. Siebman*
Clyde M. Siebman
Texas Bar No. 18341600

Elizabeth S. Forrest
Texas Bar No. 24086207
**SIEBMAN, FORREST, BURG & SMITH, LLP**
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Tel: (903) 870-0070
clydesiebman@siebman.com
elizabethforrest@siebman.com

*Liaison Counsel for Plaintiffs and the Settlement Class*

George L. McWilliams
Texas Bar No. 13877000
**LAW OFFICES OF GEORGE L. MCWILLIAMS, P.C.**
P.O. Box 58
Texarkana, Texas-Arkansas 75504
Tel: (870) 772-2055
Fax: (870) 772-0513
glmlawoffice@gmail.com

*Liaison Counsel for Plaintiffs and the Settlement Class*

Jeremy P. Robinson
(Admitted *pro hac vice*)
Abe Alexander
(Admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
jeremy@blbglaw.com
abe.alexander@blbglaw.com

*Lead Counsel for Lead Plaintiffs ACERA and ATRS and the Settlement Class*

Gregory M. Castaldo
(Admitted *pro hac vice*)
Richard A. Russo, Jr.
(Admitted *pro hac vice*)
Justin O. Reliford
(Admitted *pro hac vice*)
Michelle M. Newcomer
(Admitted *pro hac vice*)
Evan R. Hoey
(Admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gcastaldo@ktmc.com
rrusso@ktmc.com
jreliford@ktmc.com
mnewcomer@ktmc.com
ehoey@ktmc.com

*Lead Counsel for Lead Plaintiffs ACERA and ATRS, Plaintiff Miami and the Settlement Class*

Matt Keil
Texas Bar No. 11181750
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, Arkansas 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
mkeil@kglawfirm.com

*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

*/s/ Clyde M. Siebman*
Clyde M. Siebman