| | |
|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ADEPTUS HEALTH INC., *et al.*, <br><br> Defendants. | Case No. 4:17-CV-0449-ALM <br><br> Judge Amos L. Mazzant, III |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is pending in this Court entitled *Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc. et al.*, Case No. 4:17-CV-0449-ALM (the "Action");

WHEREAS, (a) Alameda County Employees' Retirement Association ("ACERA"), Arkansas Teacher Retirement System ("ATRS" and, together with ACERA, "Lead Plaintiffs"), and additional named plaintiff Miami Fire Fighters' Relief and Pension Fund ("Miami" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Thomas S. Hall, Timothy L. Fielding, and Graham B. Cherrington (collectively, the "Executive Defendants"); entities operating under the trade name Sterling Partners, SC Partners III, L.P., SCP III AIV THREE-FCER Conduit, L.P., SCP III AIV THREE-FCER L.P., Sterling Capital Partners III, LLC, Sterling Capital Partners III, L.P., Sterling Fund Management LLC, Sterling Fund Management Holdings, L.P., and Sterling Fund Management Holdings GP, LLC (collectively, the "Sterling Defendants"); Richard Covert, Daniel

Rosenberg, Daniel J. Hosler, Steven Napolitano, Ronald L. Taylor, Gregory W. Scott, Jeffrey S. Vender, and Stephen M. Mengert (collectively, the "Director Defendants"); Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), BMO Capital Markets Corp., Evercore Group L.L.C., Piper Jaffray & Co., Dougherty & Company LLC, Deutsche Bank Securities Inc., Morgan Stanley & Co. LLC, and RBC Capital Markets, LLC (collectively, the "Underwriter Defendants"); and Frank R. Williams, Jr. ("Williams" and, collectively with the Executive Defendants and the Director Defendants, the "Individual Defendants," and collectively with the Executive Defendants, the Director Defendants, the Sterling Defendants and the Underwriter Defendants, "Defendants")[1] have entered into a Stipulation and Agreement of Settlement dated November 26, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated January 9, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed

---

[1] Claims against Daniel J. Hosler were not included in the Amended Complaint or subsequent Second Amended Consolidated Complaint (the "SAC" or "Complaint") because he was not a director of Adeptus at the time of the two offerings still at issue. Similarly, claims against Underwriter Defendants Deutsche Bank Securities Inc., Morgan Stanley & Co. LLC, and RBC Capital Markets, LLC were not included in the Amended Complaint or SAC because they were not underwriters for the July 2015 or June 2016 offerings. Claims against Frank R. Williams, Jr. were included in certain actions that were consolidated into this one, but were not included in the Consolidated Complaint, Amended Complaint, or SAC.

Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 20, 2020 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on November 26, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 15, 2020.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who purchased or otherwise acquired Adeptus Class A common stock during the Class Period and

were damaged thereby. Included in the Settlement Class are all persons and entities who purchased shares of Adeptus Class A common stock on the open market and/or pursuant or traceable to the July 29, 2015 and June 8, 2016 Offerings during the Class Period. The Court also certifies a subclass within the Settlement Class (the "20A Sub-Class") consisting of all persons who purchased Adeptus Class A common stock contemporaneously with sales of Adeptus securities made or caused by Defendants Hall, Fielding, Cherrington, and the Sterling Defendants in connection with Adeptus's July 2015 and June 2016 secondary public offerings of Adeptus Class A common stock, and were damaged thereby. Excluded from the Settlement Class and 20A Sub-Class are Defendants, Adeptus's estate in bankruptcy (and its Litigation Trustee), Adeptus's Officers and directors, all Immediate Family Members, legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which any Defendant or group of Defendants has or had during the Class Period a majority ownership interest. Also excluded from the Settlement Class and 20A Sub-Class are the persons listed on Exhibit 1 hereto who are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class, and ACERA and Miami (collectively, the "20A Plaintiffs") as Class Representatives with respect to the 20A Sub-Class; and appoints Lead Counsel as Class Counsel for the Settlement Class, Siebman, Forrest, Burg & Smith, LLP and the Law Offices of George L. McWilliams, P.C. as Liaison Counsel for the Settlement Class, and Keil & Goodson P.A. as additional counsel for the Settlement Class and for the 20A Sub-Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of

litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **<u>Notice</u>** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

6.      **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the

Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors,

successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **<u>Bar Order</u>** – Without further action by anyone, upon the Effective Date of the Settlement, the Court (a) permanently bars, enjoins, and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Defendants' Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United

States or elsewhere; and (b) permanently bars, enjoins, and restrains the Defendants' Releasees from commencing, prosecuting, or asserting any Barred Claims against any other person or entity, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. For purposes of this paragraph, "Barred Claims" means (i) any claim for contribution or indemnity (whether by contract, by operation of law or equitable principles, or based on any other source) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class, provided that (A) Barred Claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court; (B) nothing in this Bar Order alters the rights between and among the Underwriter Defendants under the terms of any written agreements governing the underwriting syndicates involved in the Action, as to which claims are not barred, released, or discharged; and (C) nothing in this Bar Order alters the rights between and among Rosenberg or Hosler on the one hand, and any Sterling Defendant or any related Sterling Fund or Sterling Entity or Sterling Portfolio Company on the other, regarding any indemnity rights Rosenberg or Hosler may have related to any claim other than Released Claims.

12. **<u>Judgment Reduction</u>** – Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order based upon, arising out of, relating to, or in connection with in any way in part or in whole

any Released Plaintiffs' Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 14, 2019, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**SIGNED this 20th day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

Dale Marcus
Brookfield, IL

Gregory E. Thoman
Loveland, CO