# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADEPTUS HEALTH INC., *et al.*,<br><br>Defendants. | Case No. 4:17-CV-0449-ALM<br><br>Judge Amos L. Mazzant, III |

## ORDER APPROVING DISTRIBUTION PLAN

Plaintiffs moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Eric J. Miller in Support of Plaintiffs' Unopposed Motion for Approval of Distribution Plan (the "Miller Declaration"), the Court finds it should be **GRANTED** (Dkt. #290).

**IT IS HEREBY ORDERED** that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 26, 2019 (ECF No. 275-2) (the "Stipulation") and the Miller Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation or in the Miller Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-authorized Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), to accept the Timely Eligible Claims stated in Exhibit D to the Miller Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Miller Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations for the Rejected Claims as wholly ineligible Claims, as stated in Exhibit F to the Miller Declaration, are adopted;

(c) A.B. Data is directed to conduct an initial distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any contingencies that may arise (the "Initial Distribution"). Specifically, as stated in paragraph 39(a) of the Miller Declaration: (1) A.B. Data will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. In accordance with the Court-approved Plan of Allocation, A.B. Data will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants; (2) A.B. Data will, pursuant to the terms of the Plan of Allocation, eliminate from the distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by A.B.

Data; (3) After eliminating Claimants who would have received less than $10.00, A.B. Data will recalculate the *pro rata* shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. This *pro rata* share is the Authorized Claimant's "Distribution Amount"; (4) Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions; (5) After deducting the payments to the Claims Paid in Full, 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any contingencies that may arise following the Initial Distribution. To the extent the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in subparagraph (f) below;

   (d) In order to encourage Authorized Claimants to promptly cash their checks, all distribution checks in the Initial Distribution will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in paragraph 39(b), footnote 3 of the Miller Declaration;

(e) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 39(b), footnote 3 of the Miller Declaration will irrevocably forfeit all recovery from the Net Settlement Fund, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants, if Lead Counsel, in consultation with A.B. Data, determine that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions, should such distributions occur, within the time allotted or on the conditions stated in paragraph 39(b), footnote 3, of the Miller Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (provided in paragraph 39(b), footnote 3 of the Miller Declaration), but not earlier than seven (7) months after the Initial Distribution, A.B. Data will, if Lead Counsel, in consultation with A.B. Data, determine that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), in which any amount remaining in the Net Settlement Fund after the Initial Distribution, including from the Reserve and the funds for all void stale-dated checks, after deducting A.B. Data's fees and expenses incurred in administering the Settlement for which it has not yet been paid, including A.B. Data's estimated costs of conducting the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution (<u>other than Claims Paid in Full</u>) who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses

as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with A.B. Data, determine that further distribution is not cost-effective;

(g)     When Lead Counsel, in consultation with A.B. Data, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after January 12, 2021, those Claims will be processed, and any otherwise valid Claims received after January 12, 2021, as well as any earlier-received Claims for which an adjustment was received after January 12, 2021, which resulted in an increased Recognized Claim amount, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the National Consumer Law Center ("NCLC");

(h)     No new Claims may be accepted after January 12, 2021, and no further adjustments to Claims received on or before January 12, 2021, that would result in an increased Recognized Claim amount may be made for any reason after January 12, 2021, subject to the following exception. If Claims are received or modified after January 12, 2021, that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with A.B. Data, determine a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with

administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

(j)     All of A.B. Data's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as stated in the invoices attached as Exhibit G to the Miller Declaration are approved, and Lead Counsel are directed to pay the outstanding balance of $32,227.43 out of the Settlement Fund to A.B. Data; and

(k)     Unless otherwise ordered by the Court, one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the Initial

Distribution, A.B. Data may destroy the paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed, A.B. Data may destroy the electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

**IT IS SO ORDERED.**

**SIGNED** this 24th day of February, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE